73 So.2d 541

**BILLINGSLEY v. STATE.**

**5 Div. 585.**

Supreme Court of Alabama.

June 24, 1954.

Chas. S. Bentley, Good Water, Handy Ellis, Columbiana, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., for appellee.

STAKELY, Justice.

This is an appeal by J. A. Billingsley from a decree of the equity court overruling

his demurrer to the bill of complaint filed by the State of Alabama on the relation of Conrad M. Fowler, Solicitor of the 18th Judicial Circuit. The bill seeks to enjoin an alleged liquor nuisance on certain real estate described in the bill and alleged to be in the possession of J. A. Billingsley. The bill contains the following allegation:

"That J. A. Billingsley has within six months of the date of the filing of this Bill of Complaint, and in violation of the law, kept prohibited liquors, liquids, or beverages for the purpose of sale or other disposition, upon said place and said structure is a common nuisance or a liquor nuisance."

The appellant takes the position that his demurrer to the bill should have been sustained because the bill does not show that J. A. Billingsley was maintaining a liquor nuisance on the premises in violation of the law at the time the bill of complaint was filed.

Section 141, Title 29, Code of 1940, gives the equity court jurisdiction to abate a liquor nuisance. Section 97, Title 29, Code of 1940, defines liquor nuisances.

Section 145, Title 29, Code of 1940, provides as follows:

"The owner of and all persons interested in the building or premises where the nuisance exists, or any agent renting the same, as well as the keeper thereof, may be joined with the keeper as parties defendant to the proceedings, and all such owners, keepers, parties interested or agents who may be found to have knowingly assented to the keeping or maintaining of such nuisance on the premises at any time within six months prior to the commencement of the suit, and their servants, lessees, and tenants shall be perpetually enjoined from maintaining and keeping, or suffering to be kept and maintained such nuisance, or any liquor nuisance, upon the said premises."

Under the foregoing statutes we consider that the bill sufficiently states a cause of action against J. A. Billingsley.

The court accordingly acted correctly in overruling the demurrer.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.